UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**ELIZABETH OLSEN**

    **Plaintiff,**                           **CASE NO.:**

**v.**

**THE SCOTTS COMPANY LLC,**

    **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ELIZABETH OLSEN, by and through her undersigned counsel, hereby sues Defendant, THE SCOTTS COMPANY LLC and states as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1367.

2. Venue lies within the United States District Court for the Middle District of Florida, Jacksonville Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3. Plaintiff, ELIZABETH OLSEN, is a resident of Duval County, Florida.

4. Defendant, THE SCOTTS COMPANY LLC, is a Florida company authorized and doing business in this Judicial District.

5. Plaintiff was an employee of Defendant pursuant to 29 U.S.C. § 203(e)(2), Defendant was Plaintiff's employer within the meaning of 29 U.S.C. § 203(d) and § 448.101(3), *Fla. Stat.*, and Defendant employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## ADMINISTRATIVE PREREQUISITES

6. All conditions precedent to bringing this action have occurred.

7. On April 11, 2022, Plaintiff filed a sexual harassment/discrimination and retaliation charge with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"). A Right to Sue was issued on October 31, 2022.

8. More than 180 days have passed since the filing of said charge.

## FACTUAL ALLEGATIONS

9. Plaintiff began her employment with the Defendant in or around February 2019 as a Merchandiser.

10. On or around February 23, 2021, a new hire, Kent Heinly, began sexually harassing Plaintiff.

11. Examples of the sexual harassment include but not limited to:

      a.      On February 23, 2021, while Mr. Heinly and Plaintiff were working on placing pallets in the front of store, Mr. Heinly was hitting the pallet from the side to square it up, and he said, "hit it from the side." Plaintiff ignored him. He repeated, "hit from the side, you get it." in a guttural voice, smiling, grunting, and staring at Plaintiff, and he kept repeating it. Thoroughly disgusted, Plaintiff firmly said "No, too far" and walked away.

      b.      On another occasion, Mr. Heinly made the comment, "Oh, you're dirty." Plaintiff ignored him.

      c.      Mr. Heinly was always making vulgar, lewd, sexual comments and innuendos to the male employees.

      d.      Mr. Heinly would sing lyrics in Plaintiff's face about a transvestite and about what is under a man's skirt.

12.      On March 8, 2021, Plaintiff contacted the department head of Human Resources, Kristen Patterson, by email and copied Mr. Colon.

13.      Plaintiff continued to follow up with HR regarding the harassment and retaliation on numerous occasions.

14.      As a result of Plaintiff's complaint to HR, Kristen Patterson, Plaintiff began to suffer discrimination and retaliation by supervisor, Mr. Colon, for filing her complaint to Ms. Patterson.

15. Plaintiff's scheduled hours were reduced, her scheduled days were changed, work functions were assigned to a male employee, and other generally harassing functions like texting Plaintiff with false allegations and accusations.

16. In addition, Plaintiff was paid at a lower rate of pay than her male counterparts.

17. In or around April 20, 2021, Plaintiff was wearing a wrist brace from an old injury and Mr. Colon required her to apply for workers compensation which was denied.

18. On or around May 12, 2021, Plaintiff was placed on FMLA leave from April 29, 2021 through June 13, 2021, which she never requested despite the fact that she was willing to work, able to work, and wanted to work.

19. On June 15, 2021, Plaintiff was denied FMLA.

20. On July 1, 2021, Plaintiff was terminated effective on July 15, 2021.

## COUNT I
## FLORIDA CIVIL RIGHTS ACT ("FCRA") – SEXUAL HARASSMENT

21. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 20.

22. Plaintiff is a member of a protected class.

23. The aforementioned actions by Defendant constitute unwelcome sexual harassment.

24. The harassment was sufficiently severe and/or pervasive to alter the terms and conditions of Plaintiff's employment.

25. Defendant knew of or should have known of the harassment to Plaintiff.

26. The aforementioned actions constitute discrimination on the basis of sex, in violation of Florida Statutes Chapter 760.

27. Defendant's actions were intentional and encouraged in an environment where degradation based on sex was common and tolerated.

28. As a result of Defendant's unlawful sexual harassment, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, ELIZABETH OLSEN, respectfully requests all legal and equitable relief allowed by law including judgment against Defendant, THE SCOTTS COMPANY LLC for:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Interest on front pay and benefits;

    e. Compensatory damages;

    f. Pecuniary and non-pecuniary losses;

    g. Costs and attorney's fees;

## COUNT II
## FLORIDA CIVIL RIGHTS ACT ("FCRA") – RETALIATION

29. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 20.

30. Plaintiff suffered an adverse employment action for opposing an employment practice made unlawful by the Florida Civil Rights Act ("FCRA"), Chapter 760, et seq., Florida Statutes.

31. The above-described acts of retaliation constitute a violation of the FCRA, Chapter 760, et seq., Florida Statutes, for which Defendant is liable.

32. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and will continue to suffer damages.

WHEREFORE, Plaintiff, ELIZABETH OLSEN, respectfully requests all legal and equitable relief allowed by law including judgment against Defendant, THE SCOTTS COMPANY LLC for:

      a. Back pay and benefits;

      b. Interest on back pay and benefits;

      c. Front pay and benefits;

      d. Interest on front pay and benefits;

      e. Compensatory damages, including those for emotional pain and suffering;

      f. Punitive damages;

     g.    Injunctive relief;

     h.    Attorney's fees and costs; and

     i.    All such other relief/damages to which Plaintiff is entitled.

## COUNT III
## TITLE VII – SEXUAL HARASSMENT

33.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 20.

34.    Plaintiff is a member of a protected class of Title VII of the Civil Rights Act, 42 U.S.C. § 2000, et seq.

35.    The aforementioned actions by Defendant constitute unwelcome sexual harassment.

36.    The harassment was sufficiently severe and/or pervasive to alter the terms and conditions of Plaintiff's employment.

37.    Defendant knew of or should have known of the harassment to Plaintiff.

38.    The aforementioned actions constitute discrimination on the basis of sex, in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000, et seq.

39.    Defendant's actions were intentional and encouraged in an environment where degradation based on sex was common and tolerated.

40.    As a result of Defendant's unlawful sexual harassment, Plaintiff has suffered and continues to suffer the following damages.

WHEREFORE, Plaintiff, ELIZABETH OLSEN, respectfully requests all legal and equitable relief allowed by law including judgment against Defendant, THE SCOTTS COMPANY LLC for:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Interest on front pay and benefits;

    e.    Compensatory damages, including damages for mental anguish, loss of dignity, and other intangible injuries;

    f.    Punitive damages;

    g.    Attorney's fees and costs; and

    h.    All such other relief and damages to which Plaintiff is entitled.

## COUNT IV
## TITLE VII – RETALIATION

41. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 20.

42. Plaintiff suffered an adverse employment action for opposing an employment practice made unlawful by Title VII.

43. The above-described acts of retaliation constitute a violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000, et seq.

44. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and will continue to suffer damages.

WHEREFORE, Plaintiff, ELIZABETH OLSEN, respectfully requests all legal and equitable relief allowed by law including judgment against Defendant, THE SCOTTS COMPANY LLC for:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Interest on front pay and benefits;

    e. Compensatory damages, including damages for mental anguish, loss of dignity, and other intangible injuries;

    f. Punitive damages;

    g. Attorney's fees and costs; and

    h. All such other relief and damages to which Plaintiff is entitled.

## COUNT V
## FAMILY MEDICAL LEAVE ACT – INTERFERENCE

45. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 20.

46. Plaintiff is an individual entitled to protection under the Family and Medical Leave Act (FMLA), 29 U.S.C. §2601, *et seq*.

47. Plaintiff is an eligible employee within the meaning of the FMLA because Plaintiff worked for Defendant for twelve (12) months and had at least 1,250 hours of service for the Defendant during twelve (12) months immediately preceding her FMLA leave.

48. Plaintiff is a covered employee within the meaning of FMLA.

49. Defendant's actions interfered with Plaintiff's lawful exercise of her FMLA rights. Specifically, Defendant interfered with Plaintiff's lawful right to apply for and take FMLA leave and to be reinstated to the same or equivalent job position upon her return from her FLMA.

50. Defendant's actions interfered with Plaintiff's lawful exercise of her FMLA rights and constitute violations of the FMLA.

51. As a result of Defendant's unlawful actions Plaintiff has suffered damages.

WHEREFORE, Plaintiff, ELIZABETH OLSEN, respectfully requests all legal and equitable relief allowed by law including judgment against Defendant, THE SCOTTS COMPANY LLC for:

      a. Back pay and benefits;

      b. Prejudgment interest on back pay and benefits;

      c. Front pay and benefits;

      d. Liquidated damages;

Case 3:22-cv-01299   Document 1   Filed 11/23/22   Page 11 of 12 PageID 11

      e.      Attorneys' fees and costs;

      f.      Injunctive relief; and

      g.      For any other relief, this Court deems just and equitable.

## COUNT VI
## (FAMILY AND MEDICAL LEAVE ACT - RETALIATION)

52. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 20.

53. Defendant retaliated against Plaintiff in violation of the FMLA in that Plaintiff's request for time off and utilization of qualified FMLA leave was a substantial or motivating factor that prompted Defendant to terminate Plaintiff.

54. Defendant's actions constitute a violation of the FMLA.

55. As a result of Defendant's actions Plaintiff has suffered damages.

WHEREFORE, Plaintiff, ELIZABETH OLSEN, respectfully requests all legal and equitable relief allowed by law including judgment against Defendant, THE SCOTTS COMPANY LLC for:

      a.      Back pay and benefits;

      b.      Prejudgment interest on back pay and benefits;

      c.      Front pay and benefits;

      d.      Liquidated damages;

      e.      Attorneys' fees and costs;

      f.      Injunctive relief; and

     g.     For any other relief, this Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

56.     Plaintiff, ELIZABETH OLSEN, demands a trial by jury.

Dated this 23rd day of November, 2022.

                                            **FLORIN GRAY BOUZAS OWENS, LLC**

                                            */s/Christopher D. Gray*
                                            **CHRISTOPHER D. GRAY, ESQUIRE**
                                            Florida Bar No.: 902004
                                            Primary: chris@fgbolaw.com
                                            Secondary: debbie@fgbolaw.com
                                            **WOLFGANG M. FLORIN, ESQUIRE**
                                            Florida Bar No.: 907804
                                            wolfgang@fgbolaw.com
                                            16524 Pointe Village Drive, Suite 100
                                            Lutz, FL 33558
                                            Telephone (727) 254-5255
                                            Facsimile (727) 483-7942
                                            Attorneys for Plaintiff